

THE UNITED STATES DISTRICT COURT   FILED'09 JUN 17 16:29 USDC-ORP
FOR THE DISTRICT OF OREGON
100 SW 3rd AVE., ROOM 740
PORTLAND, OR 97204

| | |
|---|---|
| MORSE E. STEWART<br>57985 TIMBER ROAD<br>VERNONIA, OR 97064   (503) 429-7504<br><br>          Plaintiff,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.<br>P.O. BOX 2026, FLINT MI 48501-2026<br><br>U.S. BANK NATIONAL ASSOCIATION<br>425 WALNUT STREET, STE. FRNT.<br>CINCINNATI, OH 45202-3933<br><br>NORTHWEST TRUSTEE SERVICES, INC.<br>P.O. Box 997<br>Bellevue, WA 98009-0997<br>(425) 586-1900,           et al<br><br>          Defendants. | Case CV'09-687--PK<br><br>VERIFIED COMPLAINT<br>OF FRAUD IN TRUSTEE'S<br>SALE NUMBER:<br>7104.10845<br><br>AND<br><br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER, *EX PARTE* |

Comes now the Plaintiff, Morse Edward Stewart, in the instant matter for cause(s) of action against the Defendants jointly and severally, complains and alleges, under penalties of perjury, as follows:

### I.   PLAINTIFF'S APOLOGY TO THE COURT

I am presenting my arguments pro se and I sincerely apologize if this is in a form repugnant to you. Time is against me. I simply cannot afford an attorney and must request your kindness and consideration as from one human being to another.

### II.   JURISDICTION

#27521

---
Page 1 *EX PARTE* TEMPORARY RESTRAINING ORDER

The United States District Court has jurisdiction because: (a) The Plaintiff is a "Real Party in Interest" in subject matter property located at 12 Polonius, Lake Oswego, County of Clackamas, State of Oregon. (b) FRCP 65(B): The Defendants are in the process of foreclosing on the subject property and then evicting Tenants **(imminent and irreparable injury).** (c) The Court's Temporary Restraining Order would give temporary relief and maintain the status quo until a hearing can be heard on the merits. (d) The Plaintiff and some of the Defendants are from different states. (e) Some or all the Defendants engage in interstate commerce **(Diversity Jurisdiction, 28 U.S.C. section 1332).** (f) The amount in question exceeds $75,000.

### III.   NOTICE TO COURT OF CHOICE OF LAW

Plaintiff makes the following choice of law. The Fifth, Sixth and Seventh Amendments to the Constitution of the United States secure due process in the course of the common law to the American people, which necessarily includes the right to trial by jury. (Amendment 7, "...where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved..."). See Wyman v. Southhard, 23 U.S. 1, 6 L.Ed. 253, 10 Wheat 1 (1825). Therefore, you are hereby provided notice that as a precaution, I am invoking the **"Savings to Suitors"** clause (28 U.S.C. § 1333(1) in order to secure and proceed in the course of the common law in the event that there is a controversy within special maritime and territorial jurisdiction of the United States.

In the event the **court disallows common law trial by jury**, the defendant demands special findings of fact and separate conclusions of law to the questions raised in this petition.

**Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958).** "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it."

"Officers of the court have no immunity, when violating a Constitutional right, from liability, for they are deemed to know the law." **Owen v. Independence, 100 S.C.T. 1398, 445 US 622**

### IV.   JUDICIAL NOTICE

Morse Edward Stewart, Plaintiff **(hereinafter, Plaintiff)**, in the above titled cause requests that all officers of the court who may come in contact with the matter of MORSE E. STEWART vs. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), U. S. BANK NATIONAL ASSOCIATION, & FIRST AMERICAN TITLE INSURANCE COMPANY, et al, **(hereinafter, Defendants)** are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities, **"pro se litigants** held too less stringent pleading standards than bar licensed attorneys." Haines v. Kerner, 404 U.S. 519-421, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). In re *Haines*: Regardless of the deficiencies in their pleadings, **pro se** litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs, if court dismisses the **pro se** litigant without instruction of how pleadings are deficient and how

to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated.

"Laymen cannot be expected to know how to protect their rights when dealing with practiced...adversaries," Gideon v. Wainright, 382 US 335.

"All laws which are repugnant to the Constitution are null and void." Chief Justice Marshall, Marbury v. Madison 5 US (1 Cranch) 137, 174, 176, (1803). Petitioner demands the court not uphold any unconstitutional applications of any statutes.

"Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them." Miranda v. Arizona 384 US 436.

"The duty of the court is to insure the Constitution is construed in favor of the citizen." Byars vs U.S., 273 US 28.

"The Court is to protect constitutionally secured rights." Boyd v. U.S., 116 US 616.

"The claim and exercise of a Constitutional right cannot be converted into a crime." Miller v U.S. 230 F. 486 at 489.

## V.    RELEVANT FACTS

**Exhibit A.**    APRIL 26, 2007: MORSE E. STEWART, WITHOUT PREJUDICE, executed: NOTE with lender BNC MORTGAGE, INC. This instrument states, "In return for a loan that I have received, I promise to pay..." In reality the Plaintiff did not receive the loan until MAY 2, 2007. **A fraudulent contract is void from inception.** This is a thirty (30) year contract, signed solely by borrower, far exceeding one (1) year (**Statute of frauds**).

**Exhibit B.**    Black's Law, ALLONGE: "A piece of paper annexed to...promissory note, on which to write endorsements..." "...must be so firmly affixed thereto as to become a part thereof." This endorsement was recorded with the above note, undisclosed to Plaintiff, and signed, in blank by BRIAN ROSS, VICE PRESIDENT of BNC MORTGAGE, INC. Plaintiff recently discovered this in the Clackamas County records after the foreclosure process was underway. Evidently, BNC MORTGAGE, INC. did not loan any money to Plaintiff but sold Plaintiff's note immediately to raise the funds to close the transaction. It appears the SOURCE of the funds was the Plaintiff's note.

**Exhibit C.**    APRIL 27, 2007: MORSE E. STEWART (Borrower/Trustor), WITHOUT PREJUDICE, executed a DEED OF TRUST with: BNC MORTGAGE, INC. (lender); MERS (grantee/nominee & beneficiary); FIRST AMERICAN TITLE INSURANCE CO. (trustee).

**Exhibit D.**    MAY 2, 2007: Was the actual funding date on H.U.D. Settlement Statement, furnished by Pacific Northwest Title of Oregon, Inc.

The NOTE says, first came the loan and then the promissory note.

Actually the promissory note came first then the loan came seven (7) days later. This is fraudulent on its face.

**Exhibit E.**   February 10, 2009:   Northwest Trustee Services, Inc. recorded "NOTICE OF DEFAULT AND ELECTION TO SELL" in Clackamas County, file #2009-008332.

**Exhibit F.**   February 13, 2009: Northwest Trustee Services, Inc. executed "TRUSTEE'S NOTICE OF SALE." This notice informed Plaintiff, <u>for the first time</u>, that the creditor (lender?) was U. S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC4/Chase Home Finance, LLC – CA. Is this entity actually a "Real Party in Interest" with "Standing" to foreclose? I have been presented with no proof. Merely stating something does not make it so.

**Exhibit G.**   March 9, 2009:   Plaintiff issued to Defendants "CEASE & DESIST FORECLOSURE SALE NOTICE;" "LAWFUL DEBT VALIDATION DEMAND;" Real Estate Settlement Procedures Act **(RESPA)** 12 U.S.C. § 2605(e); Regulation X at 24 C.F.R. § 3500 et seq.;Truth-In-Lending-Act **(TILA)** § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.; Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c. **Plaintiff included this notice:** "Under...TILA...FDCPA...RESPA...and Reg. X § 3500.21(f)2 of the United States Code it is <u>mandatory</u> ... you provide me full disclosure of the alleged debt...<u>before proceeding any further</u>... If you do not provide answers and production of documents requested in this notice, you will be in fault, **admitting no lawful claim** and a default will be in order." None of the named Defendants responded even though they were notified.

**Exhibit H.**   March 19, 2009:   Regarding the RESPA & TILA requests: CHASE mailed an <u>unsigned</u> and <u>undecipherable</u> answer(?) to one of our tenants in Lake Oswego, even though Plaintiff's return address was clearly shown at the top left of page one and at the bottom right of the last page before the notary's jurat page. Plaintiff received CHASE'S reply much later since the tenant forwarded it much later.

The answer was not point by point and was impossible to follow. Many of the questions were answered with, **"The information requested is proprietary and will not be provided"** but I could not be certain which questions this answer referred to. Consequently, I learned nothing about "standing," "holder in due course," "Real Party in Interest," source of funds," "kickbacks," "rebates," "transfers of the note or deed of trust" and there were many other unanswered questions.

The unsigned letter did not offer any proof or even state, "The owner and holder of your promissory note and deed of trust is _____(Who?)_____."

None of the Defendants, even though addressed, bothered to respond in any manner.

Plaintiff has received no indication that Defendants stopped proceedings.

**Exhibit I.**  Plaintiff mailed the RESPA & TILA requests to STRUCTURED ASSETS SECURITIES CORP. MORTGAGE LOAN TRUSTS SERIES 2007-BC4-MORTGAGE PASS THROUGH CERTIFICATES, 745 SEVENTH AVENUE, NEW YORK, NY 10019. This address was obtained from the SECURITIES AND EXCHANGE COMMISSION. The request was returned undeliverable.

**Exhibit J.**  May 27, 2009:  Plaintiff issued to Defendants, "NOTICE OF DEFAULT," "RIGHT TO CANCEL," "AFFIDAVIT OF PLAINTIFF" and "ADDENDUM – B, RE: UNCONTROVERTED MATTERS OF RECORD."

There has been no response and the foreclosure is proceeding.

### VI.  CAUSE OF ACTION

The Defendants have not rendered any proof that either of them has **"Standing,"** and/or is a **"Real Party in Interest."**  Who has standing to bring this TRUSTEE'S SALE? Who is the Real Party in Interest? FRCP, IV. PARTIES > Rule 17(a) Real Party in Interest.  (1) Designation in General.  "An action must be prosecuted in the name of the real party in interest."

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO, EASTERN DIVISION, JUDGE KATHLEEN M. O'MALLEY,** thirty two (32) cases, not numbered consecutively, from a low of 1:07cv1007 up to a high of 1:07cv3306.  In order to foreclose, a plaintiff "...*must attach to its complaint documentation...it is the owner and holder of the note and mortgage...*"  If note and mortgage is no longer held or owned by original lender, "*...plaintiff must...document...chain of ownership to demonstrate its legal status...at the time it files...*"

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION, THOMAS M. ROSE,** multiple cases (20), as above, with a low number of 3:07CV043...and a high number of CV433.  "*To show standing...In a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed.*"

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO, EASTERN DIVISION, JUDGE CHRISTOPHER A. BOYKO,** multiple cases (19), as above, with a low number of 1:07-cv-02282-CAB and a high number of 03029.  "*On October 10, 2007, this Court issued order requiring...Lenders to file copy of...Assignment demonstrating Plaintiff was holder and owner of Note and Mortgage as of the date the Complaint was filed or Court would enter a dismissal (standing).*" "*Plaintiff (Lender) must show he has suffered some actual injury...*" "*The Court's Amended General Order No. 2006-16 requires Plaintiff (Lender) to submit affidavit...with...Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee, trustee or successor-in-interest.*"  "*...assignment is subject to the recording requirements...*"

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEVADA, Hon. Linda B. Riegle,** in re JOSHUA & STEPHANIE MITCHELL (Debtors)...designated lead in case No. BK-S-07-16226-LBR v.

MERS. *"MERS must have both constitutional and prudential standing, and be the real party in interest..."* *"...must have suffered some actual or threatened injury...that the injury be traced to the...action, and is likely to be redressed by a favorable decision." "...must assert his own legal interests as the real party in interest." "...it is obvious from the MERS' "Term and Conditions" that MERS is not a beneficiary..." "mere allegation is not sufficient to confer standing." "...for purposes of foreclosure both the note and the deed of trust must be assigned." "When the note is split form the deed of trust, the note becomes...unsecured." "A person holding only a note lacks power to foreclose...person holding only a deed of trust suffers no default because only the holder of the note is entitled to payment..." "An agent with <u>ownership</u> interest in the subject matter of the suit is a real party in interest."* <u>Does anyone have proof MERS is a "Real Party in Interest?"</u>

**CIRCUIT COURT, 11TH JUDICIAL CIRCUIT, MIAMI-DADE COUNTY FLORIDA, The Honorable Judge Jon Gordon,** MER'S vs. ENZO CABRERA, ET AL, CASES NUMBERED.: 05-2425, 11570, 12531, & 15138 CA 05. On page 15 the Judge states, *"...MER'S allegations...are clearly, palpably and inherently false...acted in bad faith...chose to fabricate the facts...to create a charade...of proceeding lawfully..."* On page 17 the Judge states, *[MER'S] "...consolidated actions are hereby dismissed as a sham and/or a frivolous pleading..."*

**Court of Appeals of Ohio, EIGHTH APPELLATE DISTRICT,** in WELLS FARGO BANK, N.A. v. OTIES JORDON, 2009-Ohio-1092, judges Celebrezze, J., Rocco, P.J., and Kilbane, J. found, *"A party lacks standing...unless he has...some real interest in the subject matter of the action."*

In Deutsche Bank National Trust Co. v. Steele (6th Cir., Jan. 8, 2008), Case No. 2:07-CV-886, the court held: *"While a court has no duty to search the record and may properly limit its review of an unopposed motion for summary judgment to the facts relied on by defendant,* Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992), *it cannot enter a judgment, if the moving party is not entitled to judgment as a matter of law.*

Several judges have held that *a complaint must be dismissed, if the plaintiff (lender) cannot prove that it owned the note and mortgage on the date the complaint was filed.* E. g., In re Foreclosure Cases (N.D. Ohio 2007), Case Nos. 1:07CV2282, et seq., (Boyko, J.); In re Foreclosure Cases (S.D. Ohio 2007), 521 F. Supp.2d 650, (Rose, J.). *"Thus, if plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law."*

**73 Am Jur 2nd Sec. 90:** Right of subrogation does not exist to a stranger to the transaction. See AETNA LIFE INSURANCE COMPANY vs. MIDDLEPORT 124 US 534.

**USC, TITLE 15, CHAPTER 41, SECTION 1692a (4):** The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

**Petitioner has <u>not been presented</u> with any proof that any one of the parties was the owner and holder of the note and deed of trust <u>(Real Party in Interest)</u> when the "NOTICE OF DEFAULT**

## CERTIFICATE OF MAILING

This is to certify that a complete and proper copy of the foregoing, "VERIFIED COMPLAINT OF FRAUD IN TRUSTEE'S SALE NUMBER: T.S. OR-09-239681-SH", was mailed by USPS 1st class mail to:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
P.O. BOX 2026, FLINT MI 4851-2026

U.S. BANK NATIONAL ASSOCIATION
425 WALNUT STREET, STE. FRNT.
CINCINNATI, OH 45202-3933

NORTHWEST TRUSTEE SERVICES, INC.
P.O. Box 997
Bellevue, WA 98009-0997
(425) 586-1900,               et al

Date: June _17_, 2009

_Morse Edward Stewart_ (signature)
Morse Edward Stewart
C/O 57985 Timber Road
Vernonia, Oregon  97064

## PETITIONER'S SWORN AFFIDAVIT OF IRREPARABLE INJURY

### And

## LACK OF NOTICE TO DEFENDANTS

I, Morse Edward Stewart, being of sound mind and of the age of majority, having firsthand knowledge of the facts do hereby declare and swear the following:

I am sixty eight years old and would like to retire but that is impossible in the foreseeable future.

This had been an Adult Foster Care Home for over ten years and was leased for $2,850/mo. The posted "TRUSTEE'S NOTICE OF SALE" scared the tenant and she asked to be released from the lease. I agreed to let her out of the lease, if I could find someone to move in for some lesser amount, due to the impending foreclosure, and agree to maintain the property. I have had to reduce the rent to $900/mo. under the circumstances.

I am stressed. My wife and I both have difficulty sleeping.

My wife is an emotional wreck.

We are financially strapped and there are resultant arguments.

I believe this will cause severe damage to our marriage.

The Defendants have not been notified because:

1. This MOTION FOR TEMPORARY RESTRAINING ORDER was not completed until the afternoon of June 17, 2009.
2. The trustee's sale is scheduled for the morning of June 19, 2009.
3. The Defendants have ignored Plaintiff's previous communications and requests.
4. It is Plaintiff's belief that the answers regarding "Real Party in Interest" and "Standing" will be forth coming in a court setting.

I swear, under the penalty of perjury, that to the best of my knowledge, the foregoing is the truth, the whole truth and nothing but the truth, so help me God.

AND ELECTION TO SELL" was recorded in Clackamas County, Oregon, file number 2009-008332, February 10, 2009.

Is there a real party in interest with standing to foreclose? Is the real party in interest MERS, U. S. BANK NATIONAL ASSOCIATION or some other entity?

It appears the Defendants have purposely thrown up a smokescreen to obfuscate the fact that there is no "Real Party in Interest."

## VII.   RELIEF REQUESTED

Wherefore, Plaintiff requests, that in order to maintain the status quo, the Court enter an *ex parte* Temporary Restraining Order to Cease and Desist Foreclosure proceedings until there can be a hearing on the merits.

Dated: June 17, 2009                                              Respectfully submitted,

By: *Morse Edward Stewart*
Morse Edward Stewart
57985 Timber Road
Vernonia, Oregon 97064
Tel: (503) 429-7504
e-mail: macstewart@hughes.net

### NOTORIAL

SUBSCRIBED AND SWORN TO, BEFORE ME This __17__ day of the month of __June__ in the year __2009__ (2009)

*Joann M Glass*
Notary Public

My commission expires __November 17, 2012__          SEAL

OFFICIAL SEAL
JOANN M GLASS
NOTARY PUBLIC-OREGON
COMMISSION NO. 433585
MY COMMISSION EXPIRES NOVEMBER 17 2012

Dated: June 17, 2009

Respectfully submitted,

By: *[signature]*
Morse Edward Stewart
57985 Timber Road
Vernonia, Oregon 97064
Tel: (503) 429-7504
e-mail: macstewart@hughes.net

**NOTORIAL**

SUBSCRIBED AND SWORN TO, BEFORE ME This _12_ day of the month of _June_ in the year 2009.

_Joann M Glass_ Notary Public

My commission expires _November 17, 2012_   SEAL

OFFICIAL SEAL
**JOANN M GLASS**
NOTARY PUBLIC-OREGON
COMMISSION NO. 433585
MY COMMISSION EXPIRES NOVEMBER 17 2012