FILED
OCT 06 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORSE E. STEWART,

                Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
U.S. BANK NATIONAL
ASSOCIATION; AND
NORTHWEST TRUSTEE
SERVICES, INC.
                Defendants.

CV.09-687-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

       Plaintiff Morse Stewart, appearing *pro se*, filed this action against Mortgage Electronic Registration Systems, Inc., U.S. Bank National Association, and Northwest Trustee Services, Inc., in an attempt to stop the non-judicial foreclosure of the property located at 12 Polonius St.,

Page 1 - FINDINGS AND RECOMMENDATION

Lake Oswego, Oregon 97035 ("the Property").

Presently before the court is defendants' motion to dismiss (#8). The court has considered defendants' motion and all of the pleadings on file. For the reasons set forth below, the court should grant the motion and dismiss Stewart's amended complaint because the amended complaint fails to adequately plead jurisdiction and fails to state a claim upon which relief can be granted. The court recommends that Stewart be granted leave to amend to cure the deficiencies, with the amended complaint dismissed with prejudice after 30 days, if an appropriate amendment is not filed.

## APPLICABLE LEGAL STANDARDS

### I.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $ 75,000 in controversy between citizens of different states, 28 U.S.C. § 1332.

In considering a facial attack on subject-matter jurisdiction, in which a defendant challenges the sufficiency of a pleading to establish jurisdiction in the federal courts, this court accepts the allegations in the complaint as true and views them in the light most favorable to the

Page 2 - FINDINGS AND RECOMMENDATION

plaintiff. *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a 12(b)(1) motion, "the court is not confined by the facts contained in the four corners of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (citation omitted). However, where no other court has the power to hear the case, dismissal with prejudice is appropriate. *See id.* The complaint of a *pro se* plaintiff is to be construed liberally when analyzing subject matter jurisdiction. *Wolfe*, 392 F.3d at 362.

## II.     Failure to State a Claim

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id., quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained

Page 3 - FINDINGS AND RECOMMENDATION

in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

However, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed where it appears beyond doubt that the plaintiff can prove no set of facts in support that would entitle him to relief. *Barrett v. Belleque*, 554 F.3d 1060, 1061 (9th Cir. 2008).

## BACKGROUND

While the pleadings are difficult to parse, it appears that Stewart allegedly was the victim of some kind of lender fraud which resulted in a foreclosure sale of the Property. Stewart filed a

Page 4 - FINDINGS AND RECOMMENDATION

complaint in this court on June 17, 2009, alleging that defendants are not a "real party in interest" and therefore do not have "standing to bring this Trustee's Sale," and seeking an injunction to halt the foreclosure proceedings. (Compl.; #1, at 5, 7.) On June 18, 2009, Stewart filed a formal motion for a Temporary Restraining Order, which was denied by Judge King that same day. Finally, on July 8, 2009, Stewart filed an amended complaint, where he again made demands to inspect various documents relating to the non-judicial foreclosure of the Property and asserts that the defendants are not a real party in interest and do not have standing to foreclose on the Property. Defendants filed the current motion on July 7, 2009, prior to the filing of the amended complaint, but stipulate that it nonetheless applies to the amended complaint.[1] The Property was sold at auction on June 19, 2009 to U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC4. (Defs.' Mot. to Dismiss; #8, at 3, Ex. 5.) Stewart has filed nearly identical pleadings regarding a different property, against Mortgage Electronic Registration Systems and three other defendants not named in the instant suit, that is also currently pending before this court. (Civil Case No. CV-09-688-PK.)

It is clear from the amended complaint that Stewart seeks to compel defendants to prove that they are a "real party in interest" and therefore have "standing" to foreclose. (Am. Compl.;

---

[1] Federal Rule of Civil Procedure 15(a) provides "a party may amend its pleading once as a matter of course before being served with a responsive pleading." The Ninth Circuit has held that "a motion to dismiss is not a 'responsive pleading' within the meaning of the Rule." *Doe v. U.S.*, 58 F.3d 494, 496-497 (9th Cir 1995), citing *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir 1986). Given the large volume of documents submitted by the plaintiff, the court must be clear that it is considering the current motion only as it applies to the amended complaint. However, the court will consider those exhibits attached to the original complaint, to the extent that they are referred to in the amended complaint.

Page 5 - FINDINGS AND RECOMMENDATION

#11, at 2). Beyond that, it is entirely unclear what claims Stewart is bringing, as his pleadings, affidavits, and exhibits seem to be detailing his various grievances with the circumstances surrounding his loan rather than alleging particular violations against specific defendants. Stewart may claim jurisdiction because there exists a federal question, as he seeks a "remedy in Admiralty as is provided by The Savings to Suitors Clause (28 U.S.C. section 1333(1))," and purportedly alleges violations of due process and equal protection. (Am. Compl., at 2.)

In the amended complaint, Stewart cites to several Federal Rules of Civil Procedure to compel defendants to produce various documents, and lists several "charges" he purportedly seeks to bring against defendants, including various types of fraud, unjust enrichment, and infliction of emotional distress. (*Id.*, at 2-5.) However, Stewart cites no statutes in the amended complaint, but makes some statutory references in his many attachments, such as in his "Cease & Desist Foreclosure Sale Notice," which he calls a "Qualified Written Request under Truth in Lending Act (TILA), Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), and Reg X of the United States Code." (Compl., Ex. G.) Finally, although the amended complaint suggests that Stewart's primary remedy is to halt foreclosure proceedings, Stewart also lists several million dollars in damages which he seeks be assessed against defendants for various reasons, including dishonor in commerce, fraud, racketeering, and theft of public funds. (Am. Compl., at 7.)

## DISCUSSION

### I. Subject Matter Jurisdiction

Defendants' motion can be construed as articulating a facial challenge to this court's subject matter jurisdiction. Federal Civil Procedure Rule 8 provides, in relevant part, as follows:

Page 6 - FINDINGS AND RECOMMENDATION

> A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support . . .

Fed. R. Civ. P. 8(a)(1). A facial attack to a court's subject matter jurisdiction challenges the adequacy of that "short and plain statement" to support jurisdiction, assuming the truth of the statement.

While Stewart attempts to invoke admiralty jurisdiction as provided by the "Savings to Suitors Clause," 28 USC § 1333(1), the subject matter of the dispute is real property located in Columbia County, Oregon and he provides no facts or legal basis to otherwise support an admiralty claim. Instead, Stewart's strongest argument for federal question jurisdiction is not found on the face of the amended complaint, but in his "Cease & Desist Foreclosure Sale Notice Lawful Debt Validation Demand," which he sent to numerous parties on March 9, 2009. (Compl., Ex. G.) Several times throughout this document, Stewart informs defendants that they are under notice that he is making a qualified written request under the "Truth in Lending Act (TILA), Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), and Reg X of the United States Code at 24 C.F.R. § 3500." (*Id.*, at 2, 3, 4, 16.) While he lists this string cite of federal laws several times in this document, he does not explain or otherwise give a basis for invoking these statutes, and he does not include them in the body of the amended complaint. Drawing every inference in Stewart's favor, these rambling allegations may give him grounds for federal question jurisdiction. However, in the form presently before the court, they are not an adequate "short and plain statement" to support jurisdiction.

In its current form, Stewart's amended complaint contains no appropriate statement of the

Page 7 - FINDINGS AND RECOMMENDATION

grounds for this court's jurisdiction.[2] However, since Stewart is proceeding *pro se*, and given the content of the attached exhibits, this court recommends that plaintiff be granted leave to amend to cure this deficiency.

## II. Failure to State a Claim for Relief

Stewart's pleadings are largely unintelligible, making it difficult to determine what he is alleging and against whom. It is clear that he is attempting to invoke various provisions of the Federal Rules of Civil Procedure in order to compel defendants to provide "verifiable evidence (proof)" that they have a right to proceed with the foreclosure of the Property. (Pl.'s Resp.; #16, at 4-7). Defendants have supplied a copy of the original Note, thereby satisfying Stewart's demand that they provide "proof" that they have a right to proceed with the foreclosure. (Shill Decl., #18.)

Even ignoring the significance of the document production, Stewart's reliance on the Federal Rules is wholly misplaced, as they do not provide an independent cause of action. In his many attachments, it appears as though Stewart has attempted to act as counsel, judge, and jury,

---

[2] While the court is not considering Stewart's original complaint in the current motion, it should be noted that in the original complaint, Stewart expressly claims that this court has diversity jurisdiction because "some of the defendants are from different states," and "some of the defendants engage in interstate commerce." (Compl., at 2.) Stewart does not otherwise indicate any of the parties' state citizenship. Diversity jurisdiction requires "complete diversity of citizenship," meaning that the plaintiff must have citizenship which is "diverse from that of every defendant." *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir 2008), citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). The party asserting jurisdiction has the burden of proof. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Defendants have provided evidence that at least one of the named defendants, Northwest Trustee Services, maintains an office, conducts business from, and has a registered agent in Oregon. (Defs.'Mtn. to Dismiss, at 6.) Since Stewart also resides in Oregon, complete diversity arguably does not exist. Even assuming that Stewart has made an intelligible claim in excess of $75,000, the citizenship requirement has not been met, and the court does not have diversity jurisdiction.

Page 8 - FINDINGS AND RECOMMENDATION

all on his own, as he sent numerous affidavits to as many as 14 parties, where he made demands for documents and asked for admissions. (*See* Compl., Ex. G, J; Am. Compl., Ex. K-N.) Included in each of these affidavits, were statements advising the defendants that failure to respond would be considered an admission of fraud, which would presumably relieve Stewart from his financial obligation. (*Id.*) Since defendants did not respond, he seeks to introduce these "additional confessions and admissions" as "verifiable evidence" to support his claim that defendants engaged in fraud and therefore do not have standing to foreclose on his home. (Pl.'s Resp., at 7-11). He also gives defendants an "opportunity to cure their dishonor" by complying with his requests, halting foreclosure, and paying him damages. (Am. Compl., at 6.) Rather than stating any cognizable claim for relief, Stewart appears to be using his pleadings as yet another attempt to demand defendants produce various documents or else be "found guilty" of fraud. It appears as though Stewart has a serious misunderstanding of the rules of civil procedure and how a claim must work its way through the courts.

In the amended complaint, Stewart "charges" the defendants with a myriad of claims,[3] mostly relating to fraud. (*Id.*, at 5-6.) He also lists various "damages" which have "been assessed against defendant(s)," where he lists several causes of action with a damage amount of one million dollars per defendant. (*Id.*, at 7.) Among these, Stewart lists dishonor in commerce, fraud, racketeering, and theft of public funds. (*Id.*)

---

[3] Stewart lists the following as "charges" against defendants: "1) unjust enrichment, 2) fruits of the fraud, 3) infliction of emotional distress, 4) attacking plaintiff's affidavits as nonsense, gibberish, frivolous, etc. in an attempt to dissuade plaintiff from prosecuting the case, 5) usuary [sic], fraud by concealment, 6) fraud in the factum, 7) statute of frauds and perjuries, 8) fraud in the inducement, 9) defrauding the public, 10) lack of standing (silence), and 11) conflict of interest."

Page 9 - FINDINGS AND RECOMMENDATION

It is well established in this circuit that claims that are "grounded in fraud," must comply with the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-1105 (9th Cir. 2003). Rule 9(b) requires that the alleged fraud be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*, at 1106 (citations omitted). Specifically, each allegation of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Id.*, citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

It is clear that Stewart's attempting to allege that he has been the victim of some kind of fraud, yet he has failed to clearly specify either the legal theories upon which he relies or the underlying facts of the dispute with defendants. Nowhere does he make any substantive allegations concerning the particular conduct of the defendants. Instead, his amended complaint and accompanying documents make only broad statements about how he was the victim of fraud. It is unclear who, exactly, perpetrated the alleged wrongdoing since Stewart names only three defendants, but in his response he repeatedly refers to "BNC Mortgage Inc," who is not a named party to the action. (Pl.'s Resp., at 5-6). To further complicate matters, in some of his attachments he lists as defendants as many as 14 parties, while he has only brought the current action against three defendants, making it impossible to determine who has allegedly violated his rights and to what degree. (*See* Am. Compl., Ex. N). Stewart has not presented facts sufficient to state a cognizable claim for relief under any of the statutes cited throughout the numerous documents submitted to the court.

In its current form, Stewart's amended complaint fails to contain a short and plain

Page 10 - FINDINGS AND RECOMMENDATION

statement: 1) describing the appropriate basis for jurisdiction in the federal district court; 2) setting forth facts and corresponding statutes that entitle him to relief; 3) describing the particular involvement of each defendant for each claim for relief; and 4) a specific demand judgment stating plainly the relief sought and from which defendants.

In the event Stewart elects to continue to pursue this action, he must first file an additional amended complaint to cure each of the above-noted deficiencies. In its current form, Stewart's amended complaint does not state an appropriate basis for this court's jurisdiction, or a claim for which relief can be granted.

## RECOMMENDATION

Defendants' motion to dismiss (#8) should be granted because the amended complaint fails to adequately plead jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and fails to state a claim for which relief can be granted, pursuant to Rule 12(b)(6). Because plaintiff appears *pro se*, the court should grant Plaintiff leave to amend his amended complaint to cure the deficiencies set out above. After thirty days, if Plaintiff has not filed an appropriate amendment, this case should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 20, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Page 11 - FINDINGS AND RECOMMENDATION

DATED this 6th day of October, 2009.

_____
Paul Papak
United States Magistrate Judge

Page 12 - FINDINGS AND RECOMMENDATION